# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 23-0742V

| | |
|---|---|
| TIFFANI WEBER, as parent and natural guardian of C.W., a minor,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: September 26, 2024 |

*Paul R. Brazil*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Katherine Edwards*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On May 19, 2023, Tiffani Weber filed a petition for compensation on behalf of her minor child, C.W., under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that C.W.'s receipt of a rotavirus vaccine on or about April 8, 222, caused him to suffer intussusception. Petition at 1-2. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On January 17, 2024, a ruling on entitlement was issued, finding Petitioner entitled to compensation. On September 25, 2024, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $16,028.34 for reimbursement of a Medicaid lien and $50,000.00 to purchase an annuity contract as described in the proffer. Proffer at 1-4. In the Proffer, Respondent represented that

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner the following:**

A. **A lump sum of $<u>16,028.34</u> for reimbursement of a Medicaid lien in the form of a check payable jointly to Petitioner and:**

> **Treasurer, State of New Jersey**
> **Health Management Systems, Inc.**
> **P.O. Box 416522**
> **Boston, MA 02241-6522**

**Petitioner agrees to endorse the check to the Treasurer, State of New Jersey for satisfaction of the Medicaid lien, and**

B. **An amount of $<u>50,000.00</u>, to purchase the annuity contract described in section I.B. of the attached Proffer.**

These amounts represent compensation for all damages that would be available under Section 15(a). The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| C.W. a minor, by and through his parent and natural guardian, TIFFANI WEBER,<br><br>      Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | No. 23-742 V<br>Chief Special Master Brian H. Corcoran<br>ECF |

## **RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On January 17, 2024, respondent filed a Vaccine Rule 4(c) report concluding that C.W. suffered an injury that is compensable under the National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C. §§ 300aa-1 to -34, that is, intussusception, as defined in the Vaccine Injury Table.  EFC 16.  Accordingly, on January 17, 2024, the Chief Special Master issued a Ruling on Entitlement.  EFC 17.

Based upon the evidence of record, respondent proffers, and the parties recommend, that compensation be made through a lump sum and future annuity payments as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[1]

---

[1] Should C.W. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

I.    **Items of Compensation**

    A.  Medicaid Lien

Respondent proffers that petitioner should be awarded funds to satisfy the State of New Jersey Medicaid lien in the amount of $16,028.34, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of New Jersey may have against any individual as a result of any Medicaid payments the State of New Jersey has made to or on behalf of C.W. from the date of her eligibility for benefits through the date of judgment in this case as a result of C.W.'s alleged vaccine-related injury suffered on or about April 8, 2022, under Title XIX of the Social Security Act. Reimbursement of the State of New Jersey Medicaid lien shall be made through a lump sum payment of $16,028.34, representing compensation for satisfaction of the State of New Jersey Medicaid lien, in the form of a check payable jointly to petitioner and:

    Treasurer, State of New Jersey
    Health Management Systems, Inc.
    P.O. Box 416522
    Boston, MA 02241-6522

Petitioner agrees to endorse the check to the Treasurer, State of New Jersey for satisfaction of the Medicaid lien.

    B.  Pain and Suffering

For pain and suffering, respondent proffers that petitioner should be awarded an amount of $50,000.00 to purchase an annuity contract,[2] paid to the life insurance company[3] from which

---

[2] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[3] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

2

the annuity will be purchased,[4] subject to the conditions described below, that will provide payments to C.W. as set forth below:

> A lump sum of $15,000.00 payable on February 8, 2040.
> A lump sum of $20,000.00 payable on February 8, 2043.
> A lump sum of $25,000.00 payable on February 8, 2047.
> A lump sum of $35,000.00 payable on February 8, 2049.
> A lump sum of $44,936.36 payable on February 8, 2052.

The cost of the annuity described in this section shall neither be greater nor less than $50,000.00. In the event that the cost of the annuity to be purchased is less than or greater than $50,000.00 on the purchase date, the actual lump sum payable on February 8, 2052, will be adjusted accordingly. Should C.W. predecease any of the annuity payments set forth in this section, any remaining annuity payments shall be made to his estate. In the event that C.W. dies prior to the completion of the annuity payments described in this section, C.W.'s estate representative will provide written notice to the Secretary of Health and Human Services and to the Life Insurance Company within twenty (20) days of C.W.'s death.

These amounts represent all elements of compensation to which C.W. would be entitled

---

a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

[4] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

3

under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.[5,6]

**II.**     **Summary of Recommended Payments Following Judgment**

    A.     A lump sum of **$16,028.34** for reimbursement of a Medicaid lien**;** and

    B.     An amount of **$50,000.00** to purchase the annuity contract described above in section I.B.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

COLLEEN C. HARTLEY
Assistant Director
Torts Branch, Civil Division

---

[5] At the time the annuity payments will be received, C.W. will be an adult, and thus guardianship is not required.

[6] The parties further agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties and that no part of any annuity payments called for herein, nor any assets of the United States or the annuity company, are subject to execution or any legal process for any obligation in any manner.  Petitioner and petitioner's heirs, executors, administrators, successors, and assigns do hereby agree that they have no power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise, and further agree that they will not sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

4

                                          <u>s/ Katherine Edwards</u>
                                          KATHERINE EDWARDS
                                          Trial Attorney
                                          Torts Branch, Civil Division
                                          U.S. Department of Justice
                                          P.O. Box 146
                                          Benjamin Franklin Station
                                          Washington, D.C.  20044-0146
                                          Tel: (202) 742-6374
                                          Katherine.Edwards2@usdoj.gov

Dated:  September 25, 2024

5